UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:09-cr-00039-GFVT-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMIE DARRELL GAY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 59.]  Defendant Jimmie Darrell Gay has been charged with violating his terms of supervised release.  In June of 2010, this Court sentenced Mr. Gay to 97 months imprisonment followed by a lifetime term of supervised release following his guilty plea to the receipt of child pornography.  [R. 37.]

Mr. Gay began his term of supervised release on February 16, 2016.  Exactly five years later, on February 16, 2021, the USPO issued a Supervised Release Violation Report that charged Mr. Gay with two violations.  The first violation was a Grade C violation for using or possessing a device capable of creating a picture or video.  The second violation was also a Grade C violation for possessing, viewing, listening to, or going to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.  Specifically, Mr. Gay was found in possession of a camera that contained images of juvenile males in various stages of undress that he admits were for his own sexual purpose. [R. 59 at 2.]

Judge Ingram conducted an initial appearance on March 16, 2021 and scheduled a final hearing for January 29, 2021. [*Id.*] At the final hearing, Mr. Gay entered a knowing, voluntary, and intelligent stipulation to both violations. [*Id.*]

After the final hearing, Judge Ingram carefully reviewed the entire record and considered the section 3553 factors in making his recommended disposition. Judge Ingram determined that Mr. Gay's admitted violations would qualify as Grade C violations, and given Mr. Gay's criminal history category of I, his imprisonment range under USSG § 7B1.4(a) was three-to-nine months. [R. 59 at 4.] Judge Ingram additionally found that Mr. Gay faces a lifetime maximum term of supervised release following revocation pursuant to 18 U.S.C. § 3583(h). [*Id.* at 5.]

In making his recommendation, Judge Ingram found that (1) Mr. Gay continues to pose a clear continuing generalized risk of child exploitation crimes, given his clear sexual interest in minor boys and his history of obtaining images of boys for his sexual gratification; and (2) recognized Mr. Gay's readily apparent need for continued treatment. [*Id.* at 7.] Emphasizing Mr. Gay's underlying health issues and the need for treatment, Judge Ingram made the following recommendations: (1) Mr. Gay be found guilty of both violations; (2) Mr. Gay should not have his supervised release revoked; (3) this Court should reimpose lifetime supervision, except that Defendant's Special Conditions should be replaced by the new, post-*Inman* conditions as described in Section V of the Report and Recommendation,[1] including a review after ten years of Defendant's progress and his conditions. [*Id.* at 13.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. [*Id.*]; *see* 28 U.S.C. § 636(b)(1). Mr. Gay has not filed any objections to Judge

---

[1] The discussion of the special conditions described in Section V are incorporated by reference as a part of this Order.

Ingram's Report and Recommendation. Further, on May 13, 2021, Mr. Gay filed a waiver of allocution. [R. 61.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Jimmie Darrell Gay **[R. 59]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Gay is found **GUILTY** of both violations;

3. Mr. Gay's supervised release shall not be revoked;

4. Mr. Gay's lifetime supervision is hereby **AMENDED** and reimposed to include the following:

### SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program for treatment of mental health/sexual disorders; shall undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; shall be subject to periodic polygraph examinations and/or Computer Voice Stress Analysis (CVSA) testing, at the discretion and direction of the probation officer;

and, shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office.

2. The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

3. The defendant shall not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and shall have no contact with victims.

4. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

5. The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.

6. The defendant shall not possess or use a device capable of creating pictures or video, without the approval of the probation officer.

7. The defendant shall not rent or use a post office box or storage facility, without the approval of the probation officer.

8. The defendant shall register as a sex offender as prescribed by state law.

9. The defendant shall not possess or use a computer or any electronic device with access to any on-line computer service at any location (including place of employment) without the

prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or email system.

10. The defendant shall consent to the U.S. Probation Office conducting unannounced examinations of any and all electronic devices (i.e. computer system(s), internal/external storage devices, hand-held devices, etc.), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s) or electronic devices any hardware/software to monitor device use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

11. The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and all electronic devices; all account user names; all passwords used by him; and will abide by all rules of the Electronic Device Restriction and Monitoring Program.

12. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search conducted by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of supervision. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

13. The defendant shall provide the probation officer with access to any requested financial information.

14. Ten years after the date of Judgment, the Court will conduct a hearing to review Defendant's status and reevaluate Defendant's conditions of supervised release.

5.  The allocution hearing, currently set for **May 21, 2021**, is hereby **cancelled**; and

6.  Judgment shall enter promptly.

This is the 17th day of May, 2021.

Gregory F. Van Tatenhove
United States District Judge